UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIRADOR REAL ESTATE LLC,<br><br>Defendant. | ECF CASE<br><br>No.: _____<br><br><u>CLASS ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>INTRODUCTION</u>

1.      Plaintiff Brian Fischler, who is legally blind, brings this civil rights action against Defendant Mirador Real Estate LLC ("Mirador") for its failure to design, construct, maintain, and operate its website, www.miradorrealestate.com (the "Website"), to be fully accessible to and independently usable by Plaintiff Fischler and other blind or visually-impaired people. Mirador denies full and equal access to its Website.

2.      Plaintiff Fischler, individually and on behalf of others similarly situated, asserts claims under the Americans With Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") against Mirador.

3.      Plaintiff Fischler seeks a permanent injunction to cause Mirador to change its corporate policies, practices, and procedures so that its Website will become and remain accessible to blind and visually-impaired consumers.

## THE PARTIES

4.      Plaintiff Fischler is, at all relevant times, a resident of Astoria, New York, Queens County. As a blind, visually-impaired handicapped person, he is a member of a protected class of individuals under Title III of the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the NYSHRL and NYCHRL.

5.      Mirador is at all relevant times a domestic limited liability company that is organized under New York law, and authorized to do business in the State of New York with its headquarters at 16 East 12th Street, New York, New York.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff Fischler's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

7.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Fischler's NYSHRL, N.Y. Exec. Law Article 15, and NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*, claims.

8.      Venue is proper in this District under 28 U.S.C. §§1391(b)(1), 1391(c)(2) because this District has jurisdiction over Mirador: Mirador has a continuous and systematic course of doing business in this District, as it operates all of its offices in this District, rents property in this District, employs individuals in this District, has its headquarters in this District, is registered to do business here, pays taxes in this District; and it is purposely and intentionally availing itself of the privileges of conducting business in this District.

9.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

NATURE OF ACTION

10.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech ("JAWS") is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

11.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

12.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure its websites are accessible.

13.     For a website to be equally accessible to a blind or visually impaired person, under these guidelines, it should have following:

a.     Alternative text ("alt-text") or text equivalent for every non-text element. Alt-text is an invisible code embedded beneath a graphical image on a website.

Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures, which includes captcha prompts. Alt-text does not change the visual presentation, but instead a text box shows when the mouse moves over the picture. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, depriving that person from knowing what is on the website.

        b.      Videos have audio description.

        c.      Title frames with text are provided. Absent these titles, navigating a website is particularly difficult.

        d.      Webpage headings are properly labeled with the topic or purpose of the webpage, versus being blank. Screen readers read out page headings, allowing users to quickly skip to a section. Navigation is, however, very difficult without those headings.

        e.      Equivalent text is provided when using scripts.

        f.      Forms may be completed with the same information and functionality as for sighted persons. Absent forms being properly labeled, it is difficult for a visually impaired or blind individual to complete the forms, as they do not know what the fields, how to input data, or what options to select (e.g., selecting a date or a size). A compliant website will, instead, provide labels or instructions when content requires user input. This includes captcha prompts, requiring the user to verity that he or she is not a robot.

        g.      Information about the meaning and structure of content is conveyed by more than the visual presentation of content.

h.     Web pages do not share the same ID or title. When two or more elements on a web page share the same ID or title, it cause problems in screen readers which use IDs for labeling controls and table headings.

i.     Linked images must contain alt-text explaining the image. Absent that alt-text, a screen reader has no content to present the user as to what the image is.

j.     The purpose of each link is easily determined from how the link is labeled. Absent properly labeling each link or when no description exists, it confuses keyboard and screen-reader users as they do not know the purpose of the links. This includes captcha prompts.

k.     No redundant links where adjacent links go to the same URL address. When redundant links exist, it causes additional navigation and repetition for keyboard and screen-reader users.

l.     Portable Document Formats (PDFs) are accessible. When they are inaccessible, the visually impaired or blind individual cannot learn what information is on them.

m.     One or more keyboard operable user interface has a mode of operation where the keyboard focus indicator is discernible.

n.     Changing the setting of a user interface component does not automatically cause a change of content where the user has not been advised before using the component.

o.     The name and role of all user interface elements can be programmatically determined; items that can be set by the user can be programmatically

set; and/or notification of changes to these items are available to user agents, including assistive technology.

STATEMENT OF FACTS

Mirador, Its Website And Its Website's Barriers

14.     Mirador is a real estate brokerage firm that serves as a liaison between prospective renters and buyers, and property owners. It's real estate offices are located at 60 W. 23rd Street, New York, New York, 16 E. 12th Street, New York, New York, 330 E. 39th Street, New York, New York, and 145 W. 67th Street, New York, New York.

15.     It is the exclusive real estate agent for Pan Am Equities, which owns buildings throughout New York City, including buildings at 60 West 23rd Street, New York, New York, 116 Thompson Street, New York, New York, and 2700 Park Avenue South, New York, New York. One can rent within these buildings studio apartments, and apartments with one or more bedrooms.

16.     Mirador's Website is heavily integrated with its offices, serving as a gateway to them, motivating customers to visit the offices and meet with Mirador's brokers. Through the Website, Mirador's customers are, inter alia, able to: learn information about the offices' locations and hours of operation; learn information about apartments available to rent in these buildings, including their location, apartment features and building amenities; view images and floor plans of the apartments; learn about upcoming open houses; and contact the broker.

17.     It is, upon information and belief, Mirador's policy and practice to deny Plaintiff Fischler and other blind or visually-impaired users access to its Website, thereby denying the facilities and real estate services that are offered and integrated with its

offices. Due to its failure and refusal to remove access barriers to its Website, Plaintiff Fischler and visually-impaired persons have been and are still being denied equal access to Mirador's offices and the numerous facilities, goods, services, and benefits offered to the public through its Website.

18.     Plaintiff Fischler cannot use a computer without the assistance of screen-reading software. He is, however, a proficient screen-reader user and uses it to access the Internet. He has visited the Website on separate occasions using screen-reading software.

19.     During his visits to the Website, the last occurring on or about July 3, 2018, Plaintiff Fischler encountered multiple access barriers that denied him the full enjoyment of the facilities, goods, and services of the Website and the facilities, goods, and services of Mirador's offices. Because of these barriers he was unable to, substantially equal to sighted individuals:

   a.     Know what is on the Website. This is in part due to the non-text images lacking alt-text describing them. They are not tagged with descriptions, just a very long string of numbers. Links are also poorly labeled.  Several images on the home page are all labeled "learn more" with no additional information. On the webpage for a particular rental unit, there were several unlabeled items.  The social media links where unlabeled, as was the link to the email the listing.   The photos of the unit were also unlabeled.  The floor plans were also completely inaccessible.

   b.     Navigate the Website. The screen reader had significant difficulty navigating this Website.  Everything is labeled as an image and a link, without any alt-text explaining its purpose.  When trying to search rentals, Plaintiff Fischler was taken to a new page that put the focus of his screen reader inside a Google map, which he cannot

access using a screen reader.  Therefore, he must arrow up to the top of the page to get

out.  He had difficulty searching for apartments by neighborhood.  He was not instructed

to click on "Neighborhood" in order to expand and access the search options.  With the

help of a sighted user, he was able to expand that search field, but he was not given any

confirmation that a selection was made and no indication that anything changed when he

tried to select a neighborhood using his screen reader.

20.     Plaintiff Fischler was denied full and equal access to the facilities and

services Mirador offers to the public on its Website because he encountered multiple

accessibility barriers that visually-impaired people often encounter with non-compliant

websites:

a.      Lack of alt-text for images. Images are labeled only with a very

long string of numbers.

b.      Some pages have the same title, so the title cannot be used to

distinguish pages.

c.      Headings are not nested correctly.

d.      Links use general text like "Read More" or "Learn More" with no

text explaining the link's purpose.

e.      Sever links on a page share the same link text, but go to different

destinations.

f.      Webpages have markup errors.

<u>Mirador Must Remove Barriers to Its Website</u>

21.     Due to the inaccessibility of its Website, blind and visually-impaired

customers such as Plaintiff Fischler, who need screen-readers, cannot fully and equally

use or enjoy the facilities, goods, and services Mirador offers to the public on its Website. The Website's access barriers that Plaintiff Fischler encountered have caused a denial of his full and equal access in the past, and now deter him on a regular basis from accessing the Website. These access barriers have likewise deterred him from visiting Mirador's real estate offices and enjoying them equal to sighted individuals.

22.     If the Website was equally accessible to all, Plaintiff Fischler could independently navigate it, view goods and service items, locate Mirador's offices and learn their hours of operation, learn about available properties and open houses and learn about the sales and rental process, as sighted users can.

23.     Through his attempts to use the Website, Plaintiff Fischler has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

24.     Because simple compliance with the WCAG 2.0 Guidelines would provide Plaintiff Fischler and other visually-impaired consumers with equal access to the Website, Plaintiff Fischler alleges that Mirador has engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices:

a.     Constructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff Fischler;

b.     Failing to construct and maintain a website that is sufficiently intuitive to be equally accessible to visually-impaired individuals, including Plaintiff Fischler; and,

c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff Fischler, as a member of a protected class.

25.      Mirador therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

26.      Title III of the ADA expressly contemplates the injunctive relief that Plaintiff Fischler seeks under 42 U.S.C. § 12188(a)(2).

27.      Because its Website has never been equally accessible, and because Mirador lacks a corporate policy that is reasonably calculated to cause its Website to become and remain accessible, Plaintiff Fischler seeks a permanent injunction under 42 U.S.C. § 12188(a)(2) requiring Mirador to retain a qualified consultant acceptable to Plaintiff Fischler to assist Mirador to comply with WCAG 2.0 guidelines for its Website:

a.      Remediating the Website to be WCAG 2.0 AA compliant;

b.      Training Mirador employees and agents who develop the Website on accessibility compliance under the WCAG 2.0 guidelines;

c.      Regularly checking the accessibility of the Website under the WCAG 2.0 guidelines;

d.      Regularly testing user accessibility by blind or vision-impaired persons to ensure that Mirador's Website complies under the WCAG 2.0 guidelines; and,

e.      Developing an accessibility policy that is clearly disclosed on Mirador's Website, with contact information for users to report accessibility-related problems.

28.     Although Mirador may currently have centralized policies on maintaining and operating its Website, Mirador lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

29.     Without injunctive relief, Plaintiff Fischler and other visually impaired consumers will continue to be unable to independently use the Website, violating its rights.

30.     Mirador has, upon information and belief, invested substantial sums in developing and maintaining its Website and has generated significant revenue from the Website. These amounts are far greater than the associated cost of making its Website equally accessible to visually impaired customers.

31.     Mirador has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

CLASS ACTION ALLEGATIONS

32.     Plaintiff Fischler seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Mirador's Website and as a result have been denied access to the equal enjoyment of goods and services offered in Mirador's real estate offices during the relevant statutory period ("Class Members").

33.     Plaintiff Fischler seeks to certify a State of New York subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the State of New York who have attempted to access the Website and as a result have been denied access to the equal

enjoyment of goods and services offered in Mirador's real estate offices during the relevant statutory period ("New York Subclass Members").

34.     Plaintiff Fischler seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who have attempted to access the Website and as a result have been denied access to the equal enjoyment of goods and services offered in Mirador's real estate offices during the relevant statutory period ("New York City Subclass Members").

35.     Common questions of law and fact exist amongst the Class Members, New York Subclass Members and New York City Subclass Members:

        a.      Whether Mirador's real estate offices are places of "public accommodation";

        b.      Whether Mirador's Website is a "public accommodation" or a service or good "of a place of public accommodation" under Title III of the ADA;

        c.      Whether Mirador's Website is a "place or provider of public accommodation" or an "accommodation, advantage, facility or privilege" under the NYSHRL or NYCHRL;

        d.      Whether Mirador's Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating Title III of the ADA; and

        e.      Whether Mirador's Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

36.     Plaintiff Fischler's claims are typical of the Class Members, New York Subclass Members and New York City Subclass Members: they are all severely visually impaired or otherwise blind, and claim that Mirador has violated Title III of the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its Website so it can be independently accessible to the visually impaired individuals.

37.     Plaintiff Fischler will fairly and adequately represent and protect the Class and Subclasses' interests because he has retained and is represented by counsel competent and experienced in complex class action litigation, and because he has no interests antagonistic to the Class or Subclasses. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Mirador has acted or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate both declaratory and injunctive relief with respect to Plaintiff, the Class and Subclasses.

38.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class and Subclass Members predominate over questions affecting only individuals, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39.     Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

FIRST CAUSE OF ACTION
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

40.     Plaintiff Fischler, individually and on behalf of the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

41.     Title III of the ADA prohibits "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

42.     Mirador's real estate offices are public accommodations under Title III of the ADA, 42 U.S.C. § 12181(7). Its Website is a service, privilege, or advantage of Mirador's real estate offices. The Website is a service that is integrated with these locations.

43.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

44.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

45.     Under Title III of the ADA, unlawful discrimination also includes, among other things:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

46.     These acts violate Title III of the ADA, and the regulations promulgated thereunder. Plaintiff Fischler, who is a member of a protected class of persons under Title III of the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, he has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.

47.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff Fischler requests the relief as set forth below.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

48.     Plaintiff Fischler, individually and on behalf of the New York Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

49.     Mirador's State of New York real estate offices constitute sales establishments and public accommodations under N.Y. Exec. Law § 292(9). Mirador's

Website is a service, privilege or advantage of Mirador. Mirador's Website is a service that is by and integrated with these real estate offices.

50.    Mirador is subject to NYSHRL because it owns and operates its real estate offices and the Website. Mirador is a "person" within the meaning of N.Y. Exec. Law § 292(1).

51.    Mirador is violating the NYSHRL in refusing to update or remove access barriers to its Website, causing its Website and the services integrated with its real estate offices to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Mirador makes available to the non-disabled public. N.Y. Exec. Law §§ 296(2)(a), 296(2)(c)(i), 296(2)(c)(ii).

52.    Readily available, well-established guidelines exist on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities and government agencies in making their websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its Website accessible would neither fundamentally alter the nature of its business nor result in an undue burden to them.

53.    Mirador's actions constitute willful intentional discrimination against the class because of a disability, violating the NYSHRL, N.Y. Exec. Law § 296(2), in that Mirador has:

    a.    Constructed and maintained a website that is inaccessible to Class Members with knowledge of the discrimination; and/or

b.      Constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c.      Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

54.     Mirador discriminates, and will continue in the future to discriminate against Plaintiff Fischler and New York Subclass Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Mirador's Website and its real estate offices under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Mirador from continuing to engage in these unlawful practices, Plaintiff and the New York Subclass Members will continue to suffer irreparable harm.

55.     As Mirador's actions violate the NYSHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination.

56.     Plaintiff Fischler is entitled to compensatory damages and civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for every offense.

57.     Plaintiff Fischler is entitled to reasonable attorneys' fees and costs.

58.     Under N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

THIRD CAUSE OF ACTION<br>VIOLATIONS OF THE NYCHRL

59.     Plaintiff Fischler, individually and on behalf the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

60.     Mirador's New York City locations are sales establishments and public accommodations under the NYCHRL, N.Y.C. Admin. Code § 8-102(9), and its Website is a service that is integrated with its establishments.

61.     Mirador is subject to NYCHRL because it owns and operates its real estate offices in the City of New York and its Website, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

62.     Mirador is violating the NYCHRL in refusing to update or remove access barriers to Website, causing its Website and the services integrated with its real estate offices to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Mirador makes available to the non-disabled public. N.Y.C. Admin. Code §§ 8-107(4)(a), 8-107(15)(a).

63.     Mirador's actions constitute willful intentional discrimination against the Subclass because of a disability, violating the NYCHRL, N.Y.C. Admin. Code § 8-107(4)(a) and § 8-107(15)(a,) in that it has:

a.     Constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b.     Constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c.     Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

64.     As such, Mirador discriminates, and will continue in the future to discriminate against Plaintiff Fischler and the New York City Subclass Members because of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, accommodations and/or opportunities of its Website and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Mirador from continuing to engage in these unlawful practices, Plaintiff and the New York City Subclass will continue to suffer irreparable harm.

65.     As Mirador's actions violate the NYCHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination.

66.     Plaintiff Fischler is entitled to compensatory damages and civil penalties and fines for each offense. N.Y.C. Admin. Code §§ 8-120(8), 8-126(a).

67.     Plaintiff Fischler is entitled to reasonable attorneys' fees and costs.

68.     Under N.Y.C. Admin. Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

69.     Plaintiff Fischler, individually and on behalf the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

70.     An actual controversy has arisen and now exists between the parties in that Plaintiff Fischler contends, and is informed and believes that Mirador denies, that its Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of its Website and by extension its real estate offices, which Mirador owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

71.    A judicial declaration is necessary and appropriate now in order that each of the parties may know its respective rights and duties and act accordingly.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Fischler respectfully requests this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Mirador from violating Title III of the ADA, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Admin. Code § 8-107, *et seq.*, and the laws of New York;

b.    A preliminary and permanent injunction requiring Mirador to take all the steps necessary to make its Website into full compliance with the requirements set forth in Title III of the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Mirador owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by ADA, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Admin. Code § 8-107, *et seq.*, and the laws of New York

d.    An order certifying the Class and Subclasses under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory damages, punitive damages and fines;

f.    Pre- and post-judgment interest;

g.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Fischler demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        August 7, 2018

LIPSKY LOWE LLP


<u>s/ Christopher H. Lowe</u>
Christopher H. Lowe
Douglas B. Lipsky
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
212.392.4772
chris@lipskylowe.com
doug@lipskylowe.com